IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| HOLLIS GREENLAW (01) | § | Case No. 4:21-cr-289-O |
| BENJAMIN WISSINK (02) | § | |
| CARA OBERT (03) | § | |
| JEFFREY JESTER (04) | § | |

# ORDER

Before the Court are the Government's Motion to Exclude Defendants' Exhibits Not Produced in Discovery (ECF No. 235), filed January 7, 2022; Defendants' Response (ECF No. 243), filed January 10, 2022; Defendants' Motion for Leave to File Defendants' Joint Amended Witness List (ECF No. 238), filed January 10, 2022; and the Government's Response and Objection. For the reasons that follow, the Court finds this ECF No. 235 is **DENIED** and ECF No. 238 is **GRANTED,** so long as Defendants comply with the instruction below.

The Government seeks exclusion of the late disclosed documents and, essentially, exclusion of those witnesses not included in the Defendants' Witness List.[1] To these disclosure deficiencies, the Government argues the Court "should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." Mot. 5, ECF No. 235 (citing *United States v. Garza*, 448 F.3d 294, 299-300 (5th Cir. 2006)).

---

[1] The Government does not object to the late filing of one of the witnesses Defendants seek to add.

Taking the Defendants' explanation for the failure to timely include all of the witnesses as true, the Court finds factor one weighs in favor of permitting the late filed witness list.[2] Defendants contend the omissions occurred due to a computer error, oversight, and the omissions were promptly cured.[3]

As it relates to the recent production of exhibits that have not been previously disclosed, Defendants argue the Government has been in possession of these documents for six years and that the company only recently waived privileges related to them. Resp. 2, ECF No. 243. It is not clear whether Defendants argue that the Government has been in possession of these documents in a way that they have been available for trial preparation, or whether they have been in the Government's possession, but segregated from the prosecution team such that they have not been available for trial preparation. Obviously if the former is true, Defendants are correct that there is no harm in the late production. If the latter is true however, it appears Defendants have misrepresented, or are asserting a half-truth about, the true facts and their application to this legal issue. There is a dispute over this fact as the prosecution team asserts they have had no access to these documents.

Accordingly, Defendants shall file a pleading on the docket of this matter no later than **7 p.m. on January 11, 2022**, fully explaining the basis for the factual assertion that the Government has been in possession of these documents, and how that possession supports their argument that

---

[2] Defendants failed to cite a standard for amending their witness list, therefore the Court will assume the Rule 16 standard applies to both the Motion to Exclude and the Government's objection to the late witnesses.

[3] The computer error is not identified. Nor do Defendants identify which witnesses were left off the list due to the computer error or due to inadvertence. Defendants are directed to file a supplement explaining the nature of the computer error, how the computer error was discovered, identify all witnesses who can provide personal knowledge to explain this computer error, and which trial witnesses were left off due to the computer error and which ones were left off due to inadvertence.

the Government has suffered no harm or prejudice due to the late disclosure.[4] Pending receipt of these explanations, the Court will nevertheless conclude for the sake of this Order that Defendants have in good faith sufficiently explained the reasons for the late disclosures such that this factor should weigh in favor of admission.

Factor two weighs in favor of exclusion because the Government has identified specific prejudice.[5] Factor three also weighs in favor of exclusion because these late disclosures have been made on the eve of trial, and a continuance is not feasible at this late date. Finally, neither party addresses the fourth factor specifically, although Defendants may intend that the recent waiver of privilege would be relevant circumstances to the late disclosure of documents.

Based on the foregoing, and subject to the subsequent filings required by this Order, the Governments' Motion to exclude will be **DENIED** and the Defendants' Motion to Amend Witness List will be **GRANTED** under the following conditions, which are designed to alleviate the prejudice the Government has identified. First, Defendants will provide *all* document identifiers sought by the Government in its Motion to Exclude Documents (ECF No. 235) before **5 pm, January 11, 2022,** and will produce Melissa Youngblood and Jim Kenney (the late filed witnesses the Government objects to) for interview by the Government no later than **8 pm, January 12,**

---

[4] All Defendants, through counsel, have signed the pleading making this assertion. Therefore, all attorneys who have signed the pleading vouching for this assertion shall file a response.

[5] *See* Mot. 4, ECF No. 235 ("Without having previously seen these records until the eve of the trial, the government is significantly hampered in its ability to cross-examine witnesses about their contents. Furthermore, without the Bates numbers or Document IDs for these records, the government is unable to identify related emails or documents to understand the full context of the communications. With that in mind, the government is not able to easily ask the Filter AUSA to search for any related communications (emails) to those that have now been provided."). This reasoning appears to hold true for the omitted witnesses the Government objects to as well.

**2022.** Finally, the Defendants must disclose all documents that were previously privilege, but that are now not due to the privilege waiver by **5 pm, January 11, 2022**.

    **SO ORDERED** on this **11th day** of **January, 2022**.

 

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

4